# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2010

No. 09-40381

Charles R. Fulbruge III
Clerk

ORLANDO RAMIREZ,

Plaintiff – Appellant

v.

AMERICAN POLLUTION CONTROL CORPORATION; M/V AMPOL RECOVERY,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-00796

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this Jones Act case, Orlando Ramirez was awarded $1,800 in lost wages for an injury he sustained aboard the M/V AMPOL RECOVERY. He appeals the district court's apportionment of fault to him for his own injuries based on contributory negligence. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40381

## FACTS AND PROCEEDINGS

American Pollution Control Corporation (AMPOL) hired Orlando Ramirez to work as a deckhand aboard the RECOVERY in 2006. Shortly thereafter, Ramirez hurt his neck, back, shoulder, elbow, and wrist when he slipped on a wet rubber glove lying on the floor of the ship's galley. At a bench trial, the evidence showed that just prior to the injury, the crew had been unloading groceries in the galley, which resulted in a floor cluttered with cardboard boxes. Several minutes before he fell, Ramirez had removed a wet rubber glove and thrown it toward the trash. The glove landed not in the trash but on the floor instead. Captain Tony Galindo noticed the glove on the floor, but did not notify Ramirez. Ramirez retrieved a juice container and a glass of juice from the refrigerator, then attempted to navigate the box-strewn galley with his hands full. He stepped on the top flap of an open box and slipped on the wet glove, which had been concealed from view beneath the flap. At trial, Ramirez admitted to a significant history of neck and back injuries that he had omitted from the AMPOL job application.

The district court found AMPOL sixty percent liable and Ramirez forty percent liable for his injury. AMPOL's liability was based on Galindo's failure to pick up the fallen glove, or to instruct Ramirez to do so. Ramirez's contributory negligence was for tossing his glove toward the trash can, attempting to step through the boxes with his hands full, and misrepresenting his past injuries on the job application.

In calculating damages, the district court credited AMPOL's expert's testimony that Ramirez's continuing neck and shoulder pain were not caused by the accident, but were instead due to the natural aging process. It also adopted that expert's conclusion that Ramirez could have returned to work five weeks after the accident. Based on a daily wage of $120 at the time of the injury, the court calculated lost wages at $3,000. It further found that non-economic

damages were not warranted. Reducing the lost wages award by Ramirez's proportionate fault, the court entered judgment in his favor in the amount of $1,800.

Ramirez appealed, solely contesting the apportionment of fault. He first argues that AMPOL was solely responsible for the condition which caused the accident. Second, he argues that there was no causal link between his undisclosed medical history and the injury he suffered aboard the RECOVERY.

## STANDARD OF REVIEW

"We review a district court's finding of negligence and apportionment of fault for clear error." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006). "The clear error standard precludes reversal of a district court's findings unless we are 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "We entertain a strong presumption that the court's findings must be sustained even though this court might have weighed the evidence differently." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303 (5th Cir. 2008).

## DISCUSSION

### A.    AMPOL's Responsibility for Unsafe Conditions

Ramirez contends that AMPOL alone was responsible for creating the conditions which led to the accident. He recites evidence from the record showing that Galindo's failure to notify him about the wet glove created a safety hazard and that the box-strewn condition of the galley was attributable to Galindo. The district court held that Galindo's failure to notify Ramirez about the glove was negligent, and for that reason, it found AMPOL sixty percent at fault. Critically, Ramirez does not contest the finding below that he himself was negligent to have thrown the glove and to have attempted to navigate the galley

with his hands full. Nothing in Ramirez's present argument persuades us that this apportionment of fault was clearly erroneous.[1]

## B.     Ramirez's Misrepresentations in His Job Application

Ramirez contests the district court's finding that he was negligent for misrepresenting his medical history on the job application. He argues that this finding is clearly erroneous because the nondisclosure of previous ailments was not shown to have caused the injury he suffered. The district court found that Ramirez had sustained neck or back injuries in 1979, 1986, 2002, 2003, and 2004. He received treatment for the 2002 and 2004 injuries. None of these injuries was disclosed in response to questions on the job application inquiring whether the applicant had prior neck or back injuries or had prior accidents. Ramirez admitted at trial that his negative responses on the application were untrue. AMPOL's corporate witness, Clayton Humphrey, testified that he would have terminated Ramirez if he knew about the false responses. Humphrey further testified that if Ramirez had responded truthfully, he likely would not have been hired. He testified that, at a minimum, he would have referred Ramirez for further medical evaluation, including x-rays.

This court has recognized the propriety of holding a seaman plaintiff contributorily negligent when he "has concealed material information about a pre-existing injury or physical condition from his employer; exposes his body to a risk of reinjury or aggravation of the condition; and then suffers reinjury or aggravation injury." *Johnson*, 544 F.3d at 303-04; *see also Savoie v. Otto Candies, Inc.*, 692 F.2d 363, 372 (5th Cir. 1982) ("Where a seaman knowingly exposes himself to conditions of employment while aware of an illness or

---

[1] Ramirez also contends that AMPOL's corporate witness conceded Galindo's sole responsibility for the accident. A review of the trial transcript, however, shows that this alleged "concession" was made in response to a hypothetical question during cross-examination, and was preceded and followed by the witness's testimony that Galindo was only partially responsible. There was no concession of sole responsibility.

disability which makes those conditions unsafe to him, or where a seaman has the possibility of securing relief from unsafe conditions by informing his superiors of them, but continues to work without doing so, he may be found to be contributorily negligent.").

The three *Johnson* elements are met here. First, the district court expressly found that Ramirez concealed his past injuries. Second, though the court did not specify what type of injury Ramirez suffered, the record indicates that it was to his neck and back. He therefore suffered reinjury or aggravation injury. Finally, the record testimony supports the conclusion that Ramirez exposed his body to a risk of reinjury or aggravation. Humphrey described the duties of a deckhand, which include loading and unloading supplies in a vessel's tight and cluttered areas. Meanwhile, AMPOL's marine expert, David Scruton, testified that a box-strewn galley constitutes an evident potential hazard which requires the exercise of extraordinary caution. By exposing himself to the hazardous conditions present in the galley, Ramirez "set himself up for the sort of aggravating injury found by the district court." *Johnson*, 544 F.3d at 303. Ramirez's misrepresentation of his prior medical history, coupled with his participation in hazardous employment conditions, constituted a legal cause of reinjury and was properly found to be contributory negligence. Ramirez's argument on appeal is inadequate to overcome the "strong presumption that the [district] court's findings must be sustained." *Id*.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.